UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD RICHARDSON,

                                                                            CRIMINAL CASE NO. 99-50025

                    Petitioner,

v.                                                      HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT JUDGE

UNITED STATES OF AMERICA,

                    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION

On June 5, 2001, after the Government moved for a reduction of sentence, Petitioner was sentenced to two concurrent terms of 204 months imprisonment, to be followed by concurrent supervised release terms of five years and three years respectively. On December 19, 2005, Petitioner filed a "Motion Pursuant to Rule 60(b)(6)(Newly Discovered Evidence)/Motion Whether Petitioner is Entitled to a Downward Departure Pursuant to U.S.S.G. 5K2.0 for Post-Conviction Rehabilitation." The essence of Petitioner's motion is that based on recent efforts undertaken during his incarceration, he believes he has demonstrated sufficient rehabilitation to warrant resentencing. While the Court lauds all efforts at rehabilitation, this Court must deny Petitioner's motion.

Petitioner's motion and brief, although long on legal citations, do not cite any case or statute that grant this Court authority to resentence Defendant at this time. Although Petitioner, in his words, is asking for a "downward departure," unlike the cases he cites, he is not in the post-conviction but pre-sentencing period. Petitioner's sentence was imposed more than five years ago. Therefore, Petitioner is not seeking a downward departure but, instead, is effectively seeking a modification of the previously imposed sentence.

This Court has limited authority to modify a term of imprisonment after it has been imposed, except "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). In Petitioner's situation there are only two other statutory exceptions that allow modification of a term of imprisonment after it has been imposed, specifically, 18 U.S.C. § 2255 (habeas corpus) and § 2106 (following remand from an appellate court). *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Neither of these apply to Petitioner's situation where he desires to be resentenced based on his rehabilitative efforts. Consequently, because the relief Petitioner seeks is not included among the specified statutory exceptions, nor is it a motion for relief pursuant to Rule 35, this Court lacks authority to grant Petitioner relief.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for relief pursuant to Rule 60(b) is **DENIED.**

**SO ORDERED.**

Dated:  August 29, 2006                           s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 29, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                    Mark C. Jones                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Todd Richardson                .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845